UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANNY COLON,


                              Plaintiff,

                                                        DECISION AND ORDER

                                                        07-CV-6022L

               v.

STEVEN FURLANI, EDUCATION SUPERVISOR,
PAMELA BORDINARO, TEACHER,
TIMOTHY TRACZ, COUNSELOR,
ROBERT SKUBIS, COUNSELOR,


                              Defendants.
_____


        Plaintiff, Danny Colon ("Colon"), filed a *pro se* civil rights complaint, pursuant to 42

U.S.C. § 1983 against four employees of the New York State Department of Correctional

Services ("DOCS") who were employed at the Wende Correctional Facility, where plaintiff was

confined in 2006.  All four defendants were either teachers, counselors or supervisors in the

educational programs at Wende.

        Colon's complaint contains two claims:  one alleging an Eighth Amendment violation for

failure to protect Colon from another inmate (identified by plaintiff as "Gourlay"), and another

claim alleging retaliation against Colon for his filing a grievance against some of the defendants.

Defendants move for summary judgment dismissing both claims, on a number of grounds.

Colon has not responded to the motion for summary judgment.  For the reasons that follow,

defendants' motion for summary judgment is granted and the complaint is dismissed.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to the Summary Judgment Motion**

Rule 56(e) of the Federal Rules of Civil Procedure provides that

[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In addition, Local Rule of Civil Procedure 56(c) provides that "[a]ll material facts set forth in the

statement [of undisputed material facts] required to be served by the moving party will be

deemed to be admitted unless controverted by the statement required to be served by the

opposing party."

The Court of Appeals for the Second Circuit has held that when a party moves for

summary judgment against a *pro se* litigant, either the movant or the district court must provide

the *pro se* litigant with notice of the consequences of failing to respond to the motion.  *See Vital*

*v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *see also Irby v. New York City Transit*

*Auth.*, 262 F.3d 412, 413 (2d Cir. 2001).

In the instant case, both defendants' notice of motion (Dkt. #17) and the Court's

scheduling order (Dkt. #21) gave Colon clear notice of the requirements of Rule 56 and the

consequences of failing to respond properly to a motion of summary judgment.  Accordingly, the

Court will accept the truth of defendants' factual allegations, and determine whether defendants

are entitled to summary judgment.  *See Ortiz-Rodriguez v. New York State DOCS*, 491 F.Supp.2d

342, 345 (W.D.N.Y. 2007).


## II. Defendants' Motion

### A. Failure to Exhaust Administrative Remedies

Plaintiff's failure-to-protect claim must be dismissed because of plaintiff's failure to

satisfy the exhaustion requirement of the Prison Litigation Reform Act ("PLRA").  The PLRA

provides in part that "[n]o action shall be brought with respect to prison conditions under section

1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted."  *Id.*

The record does not indicate that plaintiff ever filed a grievance concerning the facts

relating to his failure-to-protect claim.  *See* Dkt. #20 Ex. A.  Although Colon did file a grievance

concerning some underlying matters that tangentially related to that claim, *see id.*, the grievance

did not mention anything concerning defendants' failure to protect him from inmate Gourlay.  An

inmate's failure to file a grievance about a particular matter generally constitutes a failure to

exhaust as to that matter.  *See, e.g., Moore v. Casselberry*, ___ F.Supp.2d ___, 2008 WL

4768831, at *1 (W.D.N.Y. 2008) (dismissing claim against nurse where plaintiff never filed

grievance about nurse's alleged filing of false medical report); *Allah v. Poole*, 506 F.Supp.2d

174, 179-80 (W.D.N.Y. 2007) ("The mere fact that an inmate plaintiff filed *some* grievance prior

to filing suit is not enough.  The grievance must also have related to the subject matter of the federal lawsuit").

In addition, Colon was found guilty of harassment based on a letter that he wrote to defendant Bordinaro, concerning some of the events giving rise to his failure-to-protect claim, but it does not appear that he appealed that disposition.  *See* Dkt. #20 Ex. C.  While under some circumstances an inmate may be able to satisfy the exhaustion requirement by appealing from a disciplinary hearing decision, *see Ortiz v. McBride*, 380 F.3d 649, 653-54 (2d Cir. 2004), *cert. denied*, 543 U.S. 1187 (2005); *Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004), plaintiff did not do so here, and this claim is therefore barred under the PLRA.  *See Petrusch v. Oliloushi*, No. 03-CV-6369, 2005 WL 2420352, at *5 (W.D.N.Y. Sept. 30, 2005) ("plaintiff does not appear to be arguing that he mistakenly pursued his grievance by appealing the related Tier III hearing, since he did not exhaust his appeal options with respect to that determination") (citation omitted).

**B. Plaintiff's Claims**

**1. Failure to Protect**

Even if Colon had exhausted his administrative remedies, his failure-to-protect claim, like the rest of his claims, must be dismissed on the merits.

Although it is difficult at times to determine the precise nature of Colon's claims from his discursive complaint, the gist of his first claim–which is captioned, "Breach of Duty to Protect"–seems to be that defendants failed to protect him from inmate Gourlay.  According to

- 4 -

Colon, he had been participating in an Aggression Replacement Training ("A.R.T.") class when he was involuntarily removed from that class and transferred to an Adult Basic Education ("A.B.E.") class taught by defendant Bordinaro.  According to plaintiff, he was told (incorrectly, according to plaintiff) by a DOCS employee that the transfer was mandated by federal law because plaintiff was 35 years old and was no longer eligible to participate in the A.R.T. class. Complaint ¶ 8.

Plaintiff alleges that as the A.B.E. class went on, Bordinaro became openly attracted to Colon.  She allegedly made sexual advances to him, fondled his genitals in the back row of a classroom while other inmates were watching a video, and provided him with marijuana that she had smuggled into the facility.

Plaintiff alleges that Bordinaro's behavior toward plaintiff caused Gourlay to become jealous, and that sometime in November 2006, Gourlay attacked plaintiff with a knife, although it appears that plaintiff was not injured in the assault.  Complaint ¶ 9.  Colon alleges that Gourlay was sent to the Special Housing Unit ("SHU") for 30 days for this assault.  He also alleges that Bordinaro failed to report this incident to her supervisors, although she allegedly told plaintiff that she had lied about the incident "to save Plaintiff from S.H.U.," in other words, so that plaintiff would not be punished.  *Id.*

Colon alleges that he attempted to be returned to his A.R.T. class, but for some reason he was not allowed to, and "was forced to go to his A.B.E. ... program or [be] keeplocked." Complaint ¶ 11.  Plaintiff therefore continued attending Bordinaro's class.

In late November 2006, Colon was allegedly informed by other inmates that Gourlay had vowed to stab him upon Gourlay's release from SHU.  Complaint ¶ 13.  Plaintiff appears to assert that defendants should have transferred him out of Bordinaro's A.B.E. class prior to Gourlay's release from SHU, to prevent Gourlay from coming into contact with plaintiff and carrying out his threat.  Plaintiff also alleges, however, that "inmate Gourlay never got a chance to do harm to Plaintiff" because after his release from SHU, Gourlay got into a fight with another inmate, and was again sent to SHU.  Complaint ¶ 28.

These facts, even if true, do not support a failure-to-protect claim under the Eighth Amendment.  For one thing, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The complaint itself alleges that when Gourlay attacked plaintiff in November 2006, "plaintiff defended himself," and was apparently not injured.  Complaint ¶ 9.  It is also clear from the complaint that Gourlay was never able to make good on his subsequent vow to stab plaintiff after his release from SHU.  Plaintiff's claim is therefore barred under § 1997e(e).

In addition, even if plaintiff had been physically injured, a failure-to-protect claim requires a showing that prison officials acted with "deliberate indifference" to the inmate's safety.  *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).  In order to demonstrate such deliberate indifference, the plaintiff must show that "he [wa]s incarcerated under conditions posing a substantial risk of serious harm" and that the prison official had "knowledge that [the] inmate face[d] a substantial risk of serious harm and ... disregard[ed] that

risk by failing to take reasonable measures to abate the harm." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

Plaintiff cannot make such a showing here.  With respect to the one assault that allegedly did occur, *i.e.*, Gourlay's alleged attempt to "cut" plaintiff in November 2006, Complaint ¶ 9, there is no indication in the record that defendants had any advance warning that such an attack was imminent.  That assault appears to be alleged simply as a basis for Colon's allegation that defendants should have been aware of the risk to his safety posed by Gourlay's anticipated release from SHU at the end of his 30-day sentence following the November incident.  By plaintiff's own admission, though, "Gourlay never got a chance to do harm to plaintiff" because he was quickly sent back to SHU (apparently for a substantial length of time, since it appears that there were no further incidents between Gourlay and Colon) after committing another assault on a different inmate. *Id.*  Plaintiff's Eighth Amendment claim must be dismissed for this reason as well. *See Swift v. Tweddell*, ___ F.Supp.2d ___, 2008 WL 4615053, at *7 (W.D.N.Y. 2008) (granting summary judgment for defendants where it was "clear that plaintiff never was harmed, or placed in imminent danger, as a result of anything that defendants did or failed to do" concerning alleged threat against plaintiff by other inmate); *Dolberry v. Levine*, 567 F.Supp.2d 413, 418 (W.D.N.Y. 2008) (dismissing failure-to-protect claim where there was no evidence that plaintiff "was subjected to any physical harm, or even a genuine risk of physical harm, as a result of defendants' actions").

Although the focus of the first cause of action is the alleged failure to protect plaintiff, within that claim plaintiff also alleges a number of other matters.  Specifically, he alleges that:

defendant Steven Furlani "racially discriminat[ed] against Plaintiff with racial remarks,"

Complaint ¶ 23; defendant Bordinaro "exercised deliberate indifference to Plaintiff health and

safty [sic] by sexually abusing Plaintiff masturbating his penis and smuggling into the facility

drugs–marajuana [sic] and given it to Plaintiff," *id.*; defendant Timothy Tracz "sexually

discriminat[ed] against Plaintiff by denying certain programs that consist of working around

female officers or civilians," *id.* ¶ 24; and defendant Robert Skubis wrongfully denied plaintiff

the opportunity to complete his A.R.T. class, which jeopardized plaintiff's chances for parole,

*id.* ¶ 25.

 To the extent that plaintiff seeks to present these matters as separate claims, in addition to

his failure-to-protect claim, they must be dismissed as well.  The claim against Furlani is based

on plaintiff's allegation that he overheard Furlani tell another DOCS employee, "I hate that

nigger Colon, he's not going back in A.B.E. p.m. program."  Complaint ¶ 15.  Furlani's alleged

language does not in itself amount to a constitutional violation, however.  *See Amaker v. Foley*,

No. 94-CV-0843, 2003 WL 21383010, at *4 (W.D.N.Y. Feb. 13, 2003) ("without more,

[inmate's] allegations of verbal threats, abusive language and racial epithets cannot form the

basis of a section 1983 claim"), aff'd, 2005 WL 78798 (2d Cir. 2005).

 To the extent that plaintiff alleges that Furlani discriminated against him by refusing to

allow him to participate in the A.B.E. program, the claim also fails.  It appears that Colon was

removed from Bordinaro's class after his November 2006 altercation with Gourlay, but that he

continued to attempt to gain entry to her classroom and insisted that his removal was due to a

computer error.  Dkt. #20 Ex. A.  Plaintiff grieved this matter and the decision to remove him

from the class was upheld on appeal.  *Id.*  Aside from this unsubstantiated allegation in the complaint, there is no evidence that Furlani, who was employed at Wende as an educational supervisor, engineered plaintiff's removal from the A.B.E. program or that he prevented him from returning to the program out of some racial animus.   Plaintiff has therefore failed to show the existence of any genuine issue of material fact as to this claim.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial").   In any event, the final decision regarding Colon's removal from the A.B.E. program was made by the DOCS Central Office Review Committee, which concluded that the removal was proper and that Colon's allegations of discrimination and of a conspiracy against him were not substantiated by the evidence.  Dkt. #20 Ex. A.

With respect to plaintiff's allegations that Bordinaro sexually abused him and provided him with marijuana, again the record does not indicate that plaintiff ever filed a grievance concerning these matters.  His only grievance that even touched upon these matters related to his removal from both the A.R.T. and A.B.E. programs and his placement into an "unassigned" category, not to Bordinaro's alleged sexual or drug-related conduct.  Such a claim is therefore barred for failure to exhaust administrative remedies.  *See Moore*, ___ F.Supp.2d at ___, 2008 WL 4768831, at *1.

In addition, Colon does not allege that he ever objected, or was somehow intimidated from objecting, to Bordinaro's alleged behavior, or that she coerced him into submitting to her

advances or accepting her gifts of marijuana.[1]  There is no evidence before me that any such activity was nonconsensual, so this claim fails for that reason as well.[2]

Colon's allegation that Tracz discriminated against him by not allowing him to work around female officers or civilians fails to state a claim.  Even if that did occur, plaintiff had no constitutional right to work with women.

Defendants are also entitled to summary judgment with respect to Colon's allegation that his removal from A.R.T. jeopardized his parole opportunities.  There is no evidence that plaintiff's removal from A.R.T. was improper, either as to the factual basis for the removal or the procedures that were followed.  The uncontradicted evidence submitted by defendants indicates that plaintiff was removed from that program because of his own disciplinary problems, and that the removal decision was upheld on administrative appeal through the grievance process.  *See* Dkt. #20 Ex. A.  In addition, plaintiff's assertion that his removal from A.R.T. cost him an "opportunity to possibly [sic] do be [sic] released on parole," Complaint ¶ 25, is purely speculative and does not demonstrate a violation of any constitutional right.  *See Vitek v. Jones*, 445 U.S. 480, 488 (1980) ("There is no 'constitutional or inherent right' to parole") (quoting *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979)); *accord McLaurin v. Paterson*,

---

[1]At the very least, plaintiff's claim for compensatory damages with respect to Bordinaro's alleged provision of marijuana is also barred by § 1997e(e) because of the absence of any physical injury to Colon.  *See Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002).  Even absent § 1997e(e), it is difficult to see how plaintiff could establish any damages on this claim.

[2]The record of plaintiff's administrative grievance indicates that Bordinaro stated that Colon "ha[d] an inappropriate attachment to her" and that after being removed from her class, he continued to send letters to Bordinaro demanding that she meet with him.  Dkt. #20 Ex. A.  It was that conduct that led to the issuance of a misbehavior report against plaintiff.

No. 07 CIV 3482, 2008 WL 3402304, at *11 (S.D.N.Y. Aug. 11, 2008).


**2. Retaliation**

Plaintiff's second cause of action alleges that defendants have retaliated against him for complaining about the matters raised in his first cause of action.  Plaintiff alleges that Bordinaro issued a false misbehavior report against him, that defendants deliberately failed to protect him from Gourlay, and that they denied him A.R.T., all out of retaliatory animus.  These claims require little comment, as there is no evidence to support them.

Because of the "ease with which a retaliation claim may be fabricated," *Nunez v. Goord*, 172 F.Supp.2d 417, 431 (S.D.N.Y. 2001), courts "approach prisoner claims of retaliation 'with skepticism and particular care.'"  *Pettus v. McGinnis*, 533 F.Supp.2d 337, 339 (W.D.N.Y. 2008) (quoting *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Courts properly approach prisoner retaliation claims 'with skepticism and particular care,' because 'virtually any adverse action taken against a prisoner by a prison official–even those otherwise not rising to the level of a constitutional violation–can be characterized as a constitutionally proscribed retaliatory act'") (quoting *Dawes*, 239 F.3d at 491).

The reasons for such a skeptical approach are well evident here.  The record before me establishes that Colon wrote several letters to, and made contact with defendants Bordinaro and Furlani, about Colon's removal from the school program.  Because of his repeated attempts to contact Bordinaro by letters which contained accusatory and threatening statements, a

- 11 -

misbehavior report was filed against Colon and, after a hearing, he was found guilty of harassment and received 30 days of keeplock with denial of privileges.  Dkt. #20 Ex. A.

As to the allegations concerning Gourlay and plaintiff's A.R.T. class, I see no basis for a constitutional claim regarding those matters, for the reasons stated above concerning plaintiff's first cause of action.  Plaintiff suffered no harm giving rise to a cognizable constitutional claim, and there is no evidence of retaliatory motive with respect to either matter.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #17) is granted and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
        November 19, 2008.